IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELLIOTT L. DUGGER,**

      **Petitioner,**

   v.                                **CASE NO. 2:07-cv-0996**
                                         **JUDGE FROST**
**MICHAEL SHEETS, Warden,**       **MAGISTRATE JUDGE KEMP**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

According to the petition, petitioner challenges his September 2002 conviction pursuant to his guilty plea in the Franklin County Court of Common Pleas on involuntary manslaughter with a firearm specification. Petitioner did not file an appeal; however, he did pursue a petition for post conviction relief with the state trial court, in which he asserted that the trial court improperly imposed consecutive nonminimum sentences. On August 16, 2005, the trial court denied the petition as untimely. *See State v.Dugger*, 2007 WL 828336 (Ohio App.3 Dist. March 20, 2007). On March 20, 2007, the appellate court affirmed the trial court's dismissal of the petition as untimely. *Id*. On August 29, 2007, the Ohio Supreme Court denied petitioner's appeal. *State v. Dugger*, 114 Ohio St.3d 1510 (2007).

On October 1, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He asserts that he is in custody of the respondent in violation of the

Constitution of the United States based upon the following grounds:

> 1. Petitioner was sentenced in an unconstitutional system in which a judge, no[t] a jury, found sentence enhancing facts.
>
> 2. Imposition of consecutive sentences based on facts not found by a jury not admitted by defendant violates his rights guaranteed by the Sixth Amendment.
>
> 3. Imposition of more than the minimum sentences on defendant, a first time offender, based on facts not found by a jury or admitted to [by] the defendant violated his rights as guaranteed by [the] Sixth Amendment.

All of petitioner's claims raise an issue under *Blakely v. Washington*, 542 U.S. 296 (2004). However, even assuming that petitioner's claims are properly before this Court,[1] *Blakely* does not provide petitioner the relief he seeks. Petitioner's conviction became final in 2002, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005), and long before the United States Supreme Court issued its decision in *Blakely,* on June 24, 2004. Further, the United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not to be applied retroactively to cases on collateral review. *Humphress v. United States*, supra, 398 F.3d at 860-63. In other words, *Blakely* was not the law at the time petitioner pleaded guilty and was sentenced, and this Court cannot, under the Sixth Circuit's decision in *Humphress*, go back and apply *Blakely* to petitioner's case.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed

---

[1] Petitioner's claims appear to be procedurally defaulted. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge
```